UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

ANNA MENDOZA, *et al.*,

    Plaintiffs,

vs.

BREWSTER SCHOOL DISTRICT NO. 111, *et al.*,

    Defendants.

NO. CV-05-327-RHW

**ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Before the Court is Defendant's Motion for Judgment on the Pleadings (Ct. Rec. 156). The motion was heard without oral arguments.

## BACKGROUND

Plaintiffs filed the instant complaint on October 18, 2006 (Ct. Rec. 85), alleging that a group of Latino students and their parents were victims of discrimination by the Brewster School District stemming from a pattern of discriminatory behavior by the school district, exemplified by a meeting that the students were forced to attend on November 6, 2003, involving Defendant Phillips and two armed, uniformed police officers. According to Plaintiffs, at the meeting, Defendants accused the Latino students of en mass gang activity, demeaned the students by showing them charts emphasizing the educational achievement gap between the Anglo and Latino students, and insulted them by stating that the low WASL test scores supported the idea that "they were bringing each other down," "they showed less respect for one another than Anglo students," and that "they

**ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS** ~ 1

were going to end up working in the orchards like [their] parents." The students were prohibited from leaving the library until each one signed a disciplinary contract providing that any future violation of school rules or "involvement in gangs" would be grounds for immediate expulsion or suspension.

Defendants claim that the parents of the minor students involved have no standing to bring derivative claims of constitutional violations and that the parents have not stated a claim for individual violations of 42 U.S.C. § 1983. Defendants have asked for dismissal of the parent-Plaintiffs' individual § 1983 claims. The parents claim that they have asserted individual violations of their civil rights sufficient to state a cognizable claim under § 1983.

## STANDARD OF REVIEW

Defendants have moved for judgment on the pleadings, pursuant to Fed. R. Civ. P. 12(c). A motion for a judgment on the pleadings "is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Fajardo v. County of Los Angeles*, 179 F.3d 698, 699 (9th Cir. 1999). "A district court will render a 'judgment on the pleadings when the moving party clearly established on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law.'" *George v. Pacific-CSC Work Furlough*, 91 F.3d 1227, 1229 (9th Cir. 1996) (citations omitted).

A Rule 12(c) motion may, according to Fed. R. Civ. P. 12(h)(2), include a defense of failure to state a claim upon which relief may be granted. As the parties agree that Plaintiffs must assert an individual violation of their constitutional rights to present a cognizable claim under 42 U.S.C. § 1983 and the parents maintain that they have pleaded individual violations, the Court treats this motion as an assertion of failure to state a claim. Because the motions are functionally identical, the same standard of review applicable to a Rule 12(b) motion applies to its Rule 12(c) analog. *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).

**ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS** ~ 2

The long-established standards for review of a 12(b)(6) motion reflect the goals of notice pleading under the Federal Rules. First, "review is limited to the contents of the complaint." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994). Second, all "allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party." *Id*. Third, complaints "should not be dismissed unless it appears beyond doubt the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Id*.

## DISCUSSION

In their complaint, the Plaintiffs have made a variety of allegations that, if liberally construed and proven at trial, could support recovery under § 1983. Thus, while "it may appear on the face of the pleadings that a recovery is very remote and unlikely . . . that is not the test." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984). Notably, a "complaint is not to be dismissed because the plaintiff's lawyer has misconceived the proper legal theory of its claim, but is sufficient if it shows that the plaintiff is entitled to any relief which the court can grant, regardless of whether it asks for the proper relief." *Air Line Pilots Ass'n Intern. v. Transamerica Airlines, Inc.*, 817 F.2d 510, 516 (9th Cir. 1987). Thus, while the description of Plaintiffs' claims do not specify the underlying constitutional violation, the Court need only note facts alleged and reasonable inferences based on those facts that are sufficient to allow a reasonable jury to find for Plaintiffs.

For example, the parties' briefs discuss the possibility of a claim for deprivation of the parent-child relationship, a right that has been recognized by the Ninth Circuit. *Kelson v. City of Springfield*, 767 F.2d 651, 654 (9th Cir. 1985). As this right has been recognized in cases that do not constitute a permanent deprivation (*e.g.*, *Lee v. City of Los Angeles*, 250 F.3d 668, 676 (9th Cir. 2001)), the Court cannot say on the facts alleged that the Plaintiffs have presented no set of

**ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS** ~ 3

facts that, if proved, would constitute a claim for deprivation of the parent-child relationship.

The Court makes no judgment as to the validity of those claims or their likelihood of success but merely notes, in accord with Ninth Circuit precedent, that vagueness or lack of detail is not sufficient to grant a 12(b)(6) motion. *Ybarra v. City of San Jose*, 503 F.2d 1041, 1044 (9th Cir. 1974).  Where Defendants feel that the parent-Plaintiffs will not be able to identify any issues of material fact that would entitle them to maintain a claim and that the Defendants are entitled to judgment as a matter of law, that motion is properly brought before the Court in the form of a Motion for Summary Judgment under Fed. R. Civ. P. 56.  It is not, however, the role of a 12(b)(6) or 12(c) motion.

Accordingly, **IT IS HEREBY ORDERED:**

1.  Defendant's Motion for Judgment on the Pleadings (Ct. Rec. 156) is **DENIED.**

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and forward copies to counsel.

**DATED** this 31st day of July, 2007.

*s/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Judge

*Q:\CIVIL\2005\mendoza\Mendoza.12c.ord.deny.wpd*

**ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS** ~ 4