UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANNA MENDOZA, individually and on behalf of J.G. a minor, et al.,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>BREWSTER SCHOOL DISTRICT NO. 111, et al.,<br><br>　　　　Defendants. | NO. CV-05-327-RHW<br><br>REPORT AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFFS' MOTION, AND TO AWARD PLAINTIFFS FEES OF $57,476.68, AND COSTS OF $3,793.31 FOR PHASE II |

Plaintiff's Motion for attorney fees (Ct. Rec. 175) is before the undersigned U.S. Magistrate Judge pursuant to an Order of reference from Chief Judge Whaley entered April 30, 2008. (Ct. Rec. 189.) On May 13, 2008, the undersigned entered an Order Directing Clerk to Reopen Case, Reserving Ruling on Plaintiffs' Motion for Attorney Fees, and Granting Motion to File Over-Length Brief (Ct. Red. 206.) In that Order, the undersigned determined, based on *White v. New Hampshire Dept. of Employment Security*, 455 U.S. 445 (1982) and *Romaguera v. Gegenheimer*, 162 F.3d 893 (5th Cir. 1998) (*per curiam*), that Plaintiffs' Motion for fees, filed later than the 14-day post-judgment period under FED. R. CIV. P. 54(d)(2), nevertheless, should be considered since the Motion "simply served as a reminder to the court that it had failed to set a hearing

date." *Romaguera*, 162 F.3d at 896. The parties were given time to supplement the record and were directed that any objections to, or appeal from, the May 13, 2008, ruling permitting reopening the closed case, would be incorporated into objections to the instant Report and Recommendation. (Ct. Rec. 206 at 2.) The time for supplementing the record now has passed.

**BACKGROUND**

In the Amended Complaint, Plaintiffs, who are parents and students, allege the Brewster School District discriminated against Latino/Latina students. The factual allegations are summarized in an earlier Report and Recommendation (Ct. Rec. 121 at 2-4, also published as *Mendoza v. Brewster School Dist.*, 469 F. Supp. 2d 905, 908-910 (E.D. Wa. 2006) (hereinafter "*Mendoza I*")) and will not be repeated here.

The captioned matter has proceeded on two intertwined tracks. The original group of Plaintiffs, not the subject of the pending Motion, reached a settlement through FED. R. CIV. P. 68 offers of judgment by Defendants, made August 3, 2006, which consisted of payment of damages to Plaintiffs, including reasonable attorneys' fees and costs, to be determined by the court; and a Consent Order of agreed injunctive relief in favor of Plaintiffs. (Ct. Rec. 121 at 4; Ct. Rec. 120.) On November 17, 2006, Chief Judge Whaley entered Judgment (Ct. Rec. 119) and on the same date, the Consent Order was filed (Ct. Rec. 120). The Order appointing a monitor for the Consent Order was entered December 27, 2006 (Ct. Rec. 124).

The undersigned, on November 27, 2006, recommended the original Plaintiffs be granted $208,018.85 in fees and costs. (Ct. Rec. 121

REPORT AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFFS' MOTION, AND TO AWARD PLAINTIFFS FEES OF $57,476.68 AND COSTS OF $3,793.31 FOR PHASE II - 2

at 28); *Brewster School District*, 469 F. Supp. 2d at 921. The recommendation was adopted by Chief Judge Whaley on December 27, 2006. *Brewster School District, supra*. The $208,018.25 award covered fees and expenses from 2005 through November 13, 2006.

In the meantime, two months earlier, the second set of Plaintiffs, who are the subject of the instant Motion, became parties to the lawsuit by Amended Complaint filed October 20, 2006. (Ct. Rec. 85.)

Additional discovery ensued. On July 19, 2007, the defense served Offers of Judgment on Plaintiffs. (Ct. Rec. 204, Ex. A.) Included in the Offers of Judgment were reasonable attorney fees and costs to be determined at a later date by the court. *Id.* The offers were rejected on July 30, 2007, as Plaintiffs in this "second phase" took the position they were similarly situated to those in the first phase, but the Offers of Judgment were for less. (Ct. Rec. 204, Ex. B.) Plaintiffs started preparation for a summary judgment. (Ct. Rec. 204 at 3.)

On October 11, 2007, Defendant School District made a second offer to settle. (Ct. Rec. 204, Ex. C at 16.) The offer included the following:

> We are willing to offer each student that was at the meeting $14,000 to settle their claims. With regard to the two students that we are disputing whether they were at the meeting, if you can give us any reasonable proof that they were at the meeting we will make them the same offer.

This offer was rejected, and it appears that the failure to include two of the Plaintiffs was an impediment to accepting the offer. (Ct. Rec. 204 at 3.)

REPORT AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFFS' MOTION, AND TO AWARD PLAINTIFFS FEES OF $57,476.68 AND COSTS OF $3,793.31 FOR PHASE II - 3

1   On October 15, 2007, the defense extended the following offer:

2       My client will now authorize offers of $14,000 to all of the remaining students who were in attendance at the meeting and we will offer $1,750 to the parents. <u>These offers are equivalent to the offers we made to the parents in the first settlement</u>. We will include the Diego Mendez claim in the offers made to the students even though our records do not verify that he was at the meeting. These offers are made, in part, on your representation that there are no other claimants out there that you are aware of and that this settlement will effectively terminate this litigation.

    I suggest that we strike the depositions of this week. Once you have an answer from your clients we can proceed to draw up the necessary settlement documents. I trust that you are communicating with the guardian ad litem regarding these offers, although I believe that all of the students should be of adult age by how.

    If you have any questions, please contact me.

(Ct. Rec. 204, Ex. C at 19.) (Emphasis added.)

Counsel for the Plaintiffs represents he communicated the offers to the clients and discussed the offers with the Guardian ad Litem (GAL). (Ct. Rec. 204 at 4.) Counsel represents that he, the GAL, and "everyone involved, operated under the assumption that 'equivalent' offers meant that the plaintiff [sic] would receive the full offer and attorneys' fees and costs would be awarded separately." (Ct. Rec. 204 at 4.) All 24 Plaintiffs accepted the offers:

```
1.   Maria Bejar                $ 1,750.00
2.   Maria Elvia Villalobos     $ 1,750.00
3.   Jose Luis Ortiz            $ 1,750.00
4.   Efrain Martinez            $ 1,750.00
5.   Vitalina Garcia            $ 1,750.00
6.   Coenda Saucedo             $ 1,750.00
7.   Fermina Cruz               $ 1,750.00
8.   Juan Miguel Martinez       $ 1,750.00
9.   Antonio Infante            $14,000.00
10.  Darcy Saucedo              $14,000.00
11.  Isau Saucedo               $14,000.00
12.  Jesus Villalobos           $14,000.00
```

REPORT AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFFS' MOTION, AND TO AWARD PLAINTIFFS FEES OF $57,476.68 AND COSTS OF $3,793.31 FOR PHASE II - 4

```
13.  Miguel Angel Hernandez    $14,000.00
14.  J.Z.V.                    $14,000.00
15.  Arela V. Ortiz            $14,000.00
16.  E.M.                      $14,000.00
17.  L.G.                      $14,000.00
18.  Naum T. Saucedo           $14,000.00
19.  Marco Cruz                $14,000.00
20.  Oscar Xhurape             $14,000.00
21.  Rosie Godoy               $ 1,750.00
22.  Auxilio Xhurape           $ 1,750.00
23.  Anthony Covarrubias       $14,000.00
24.  Diego Mendez              $14,000.00
```

*Id. (See, also*, Ct. Rec. 202 at 6 and 7.)

On January 4, 2008, Chief Judge Whaley entered an unopposed "Order Granting Plaintiffs' Motion for Entry of Judgment Pursuant to FED. R. CIV. P. 28"[1] in which "Plaintiffs have accepted Defendants' Offer of Judgment." (Ct. Rec. 168 at 1.) The Order was silent as to fees and costs and did not address whether the Judgment had been satisfied. (Ct. Rec. 168.)

On the same date, January 4, 2008, Judgment was entered. (Ct. Rec. 169.) The Judgment was silent as to fees and costs, and satisfaction. *Id.* On January 7, 2008, Defendants paid the judgment. (Ct. Rec. 204 at 4.)

On January 25, 2008, the School District, through counsel, filed a declaration asking the Clerk for entry of the "attached" Satisfaction of Judgment and "request[ing] that the clerk of court make an entry to the effect that the judgment dated January 4, 2008, was satisfied in full." (Ct. Rec. 170 at 2.)

The "attached" Satisfaction of Judgment was signed on January 22, 2008, by lead counsel for Plaintiffs and recited that the

---

[1] It is assumed the parties' reference to Rule 28, FED. R. CIV. P., was intended to be Rule 68, FED. R. CIV. P.

REPORT AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFFS' MOTION, AND TO AWARD PLAINTIFFS FEES OF $57,476.68 AND COSTS OF $3,793.31 FOR PHASE II - 5

January 4, 2008, judgment of $225,750 in favor of Plaintiffs was entered and a "full and complete satisfaction of said judgment is hereby acknowledged, and the Clerk of the Court is hereby authorized and directed to make an entry of the full and complete satisfaction on the docket of said judgment." (Ct. Rec. 170, Att. at 1 and 2.)

On March 10, 2008, Chief Judge Whaley entered an administrative Order Closing File based upon the earlier declaration that the judgment had been satisfied. (Ct. Rec. 171.) At about the same time (Ct. Rec. 204 at 4), a Proposed Stipulated Order to Place Minor Settlement Funds in Blocked Accounts was prepared and filed. (Ct. Rec. 172.)

Paralegal Heather Spencer (for Plaintiffs) avers she contacted the court about the file closure explaining Plaintiffs still had two motions they had to file. (Ct. Rec. 203 at 2.) Ms. Spencer avers she was advised by the court "to add a sentence in [the] motion asking the Court to reopen the case with respect to each motion." *Id.*

> [Plaintiffs] continued efforts to complete the administration and distribution of the minor funds and complied with the Court's request to file an Amended Stipulated Order redacting the dates of birth from the three (3) minor children. While an Amended Order was circulating for approval, [they] prepared and filed a Motion for Attorneys Fees on April 18, 2008.

(Ct. Rec. 204 at 5.)

When approval was received by all parties, Plaintiffs "filed the Amended Note, Motion and the Amended Stipulated Order to Place Minor Settlement Funds in Blocked Accounts." (Ct. Rec. 204 at 5.) This Motion, filed April 30, 2008, was granted on July 25, 2008. (Ct. Rec. 190, 209.)

REPORT AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART
PLAINTIFFS' MOTION, AND TO AWARD PLAINTIFFS FEES OF $57,476.68
AND COSTS OF $3,793.31 FOR PHASE II - 6

On April 30, 2008, Plaintiffs' attorneys fees Motion was referred to the undersigned. (Ct. Rec. 189.) In addition to $161,503.46 in fees and $11,496.57 in expenses, Plaintiffs seek a multiplier of 1.0. (Ct. Rec. 205 at 4.)

**DISCUSSION**

**Timeliness of Plaintiffs' Motion for Fees**

In its Supplemental Memorandum, the School District seeks to revisit the timeliness ruling, arguing the court's reliance on *White v. New Hampshire Dept. of Employment Security, supra,* is misplaced since it was decided prior to the 1993 amendments to FED. R. CIV. P. 52(d)(2). Those amendments, notes the School District, were intended to provide notice to opposing parties 14 days after judgment and before the time for appeal had run, unless the court provides otherwise. Ct. Rec. 207 at 3; *see, generally*, comments following FED. R. CIV. P. 52.

Nevertheless, the undersigned concludes that the *Romaguera* exception applies in the instant case. Under *Romaguera*, filing a formal motion or petition prior to 14 days following entry of judgment may be excused where the motion "simply served as a reminder to the court that it had failed to set a hearing date." 162 F.3d at 896. Moreover, in civil rights cases, any waiver on fees "must be clear and unambiguous." *Endman v. Cochise County, Arizona*, 926 F.2d 877, 880 (9th Cir. 1991).

Throughout the communication of the parties and with the court, it was anticipated that fees under 42 U.S.C. § 1988 would be paid after a reasonableness determination by the court. For example, in the Report and Recommendation on reasonableness of the fees to the

first set of Plaintiffs, the undersigned ruled, "[i]n reviewing the billing sheets, it appears that Plaintiffs have included work that should not be paid <u>at this time by Defendants</u>.  For example, there are entries for work done on the Amended Complaint in August 2006. The Amended Complaint added new parties to the Complaint." *Brewster School District,* 469 F. Supp. 2d at 916.  (Ct. Rec. 121 at 17.) (Emphasis added.)

Moreover, the term "equivalent" was used in the settlement offer.  Ct. Rec. 204, Ex. C at 19.  Finally, counsel for Plaintiffs represents in a sworn statement that he, the GAL, and "everyone involved, operated under the assumption that 'equivalent' offers meant that Plaintiff [sic] would receive the full offer and attorneys' fees and costs would be awarded separately." (Ct. Rec. 204 at 4.)

**Whether the "Phase II" Plaintiffs are "Prevailing Parties"**

Next, Defendant argues the Plaintiffs are not "prevailing parties" because during this phase of the lawsuit there has not been a "material alteration of the legal relationship of the parties." Ct. Rec. 207 at 10, quoting *Sole v. T.A. Wyner*, ___U.S.___, 127 S. Ct. 2188, 2194 (2007) and *UFO Chuting of Hawaii, Inc. v. Smith*, 508 F.3d 1189, 1197 (9th Cir. 2007).  Plaintiffs rely upon *City of Riverside v. Rivera*, 477 U.S. 561, 106 S. Ct. 2685 (1986) (plurality opinion) and *Thomas v. City of Tacoma*, 410 F.3d 644, 648 (9th Cir. 2005).

In the instant case, the Phase II Plaintiffs "directly benefit[ed]" and there was "modif[ication]" of Defendant's "behavior," *Smith, supra*, at 1197, in light of the Consent Order

REPORT AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFFS' MOTION, AND TO AWARD PLAINTIFFS FEES OF $57,476.68 AND COSTS OF $3,793.31 FOR PHASE II - 8

which was entered after the Phase II Plaintiffs were named. In addition, there was retention of jurisdiction by the court. (Ct. Rec. 124 at 4; Ct. Rec. 120 at 11.) Moreover, the damages were not nominal, as these were the same as those offered to the first set of Plaintiffs. Accordingly, "special circumstances" do not "exist sufficient to render an award unjust." *City of Tacoma,* 410 F.3d at 648. Granting attorney fees would not result in a "windfall." Id. at 648-649. *See, also*, *Jankey v. Poop Deck, et al.*, ___ F.3d ___, No. 06-55957, 2008 WL 3307146 (9th Cir. August 12, 2008) (decided after the briefing in the captioned matter).

**Reasonable Fees**

    **1. Standard**

The issue distills to what amount of attorney fees are reasonable under the circumstances. The applicable standards were summarized in *Mendoza I*:

> Here, Plaintiffs brought their action under Title VI, 42 U.S.C. § 2000d, *et seq.*, and 42 U.S.C. § 1983, and sought reasonable attorneys' fees under § 1988. Thus, the appropriate authority for reviewing the reasonableness of the fees is case law applying § 1988.
>
> Section 1988 is considered a federal fee-shifting statute. *City of Burlington v. Dague*, 505 U.S. 557, 562, 112 S.Ct. 2638, 120 L.Ed.2d 449 (1992). In setting the amount of an attorney's fees award under § 1988, a district court must utilize the "lodestar" method of calculating the award, which is accomplished by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1064 (9th Cir. 2006). The Supreme Court has established "a strong presumption that the lodestar represents the reasonable fee." *Dague*, 505 U.S. at 562, 112 S.Ct. 2638 (citation and internal quotation marks omitted). Although in most cases the lodestar figure is presumptively a reasonable fee award, the court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within the computed reasonable fee. *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir.

REPORT AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFFS' MOTION, AND TO AWARD PLAINTIFFS FEES OF $57,476.68 AND COSTS OF $3,793.31 FOR PHASE II - 9

> 2001). Adjustments to the lodestar should be made only in rare cases. *Gates v. Deukmejian,* 987 F.2d 1392, 1402 (9th Cir.1992). In *Guam Society of Obstetricians and Gynecologists v. Ada*, the Ninth Circuit rejected the notion that *Dague* stood for the proposition that a multiplier may never be applied to increase a fee award; instead it reiterated that a fee applicant can recover more than the lodestar figure where the applicant has met "the burden of showing that 'such an adjustment is *necessary* to the determination of a reasonable fee,'" 100 F.3d 691, 697 (9th Cir. 1996) (emphasis in original) (citations omitted).
>
> Under § 1988, the burden is on the Plaintiff to demonstrate "that the requested rates are in line with those [rates] prevailing in the community for similar services by lawyers of reasonable comparable skill, experience, and reputation." *Blum v. Stenson,* 465 U.S. 886, 895 n. 11, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits. *Id.* at 892 n. 5, 104 S.Ct. 1541.

469 F. Supp. 2d at 912.

**2.  Reasonable Hourly Rates**

Defendant incorporates by reference its objections and affidavits in support in opposing Plaintiffs' counsels' hourly rates. (Ct. Rec. 195 at 14.) Except as discussed *infra*, as to paralegal Spencer's hourly rates, the undersigned analyzes and reaches the same conclusions, that Plaintiffs' counsels' hourly rates are reasonable, as discussed in *Mendoza I*, 469 F. Supp. 2d at 912-914.

**3.  Multiplier**

Once the reasonable number of hours and rates are determined, the court may "adjust the fee upward or downward," *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933 (1983). Where success is limited, the "court may attempt to identify specific hours that

REPORT AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFFS' MOTION, AND TO AWARD PLAINTIFFS FEES OF $57,476.68 AND COSTS OF $3,793.31 FOR PHASE II - 10

should be eliminated, or it may simply reduce the award" to reflect the partial success. *Eckerhart*, 461 U.S. at 436-437. In "exceptional" circumstances the court enhances lodestar fees. *Pennsylvania v. Delaware Valley Citizens' Council*, 478 U.S. 546, 565, 106 S. Ct. 3088 (1986). As discussed in *Mendoza I,* Plaintiffs have not demonstrated "exceptional circumstances" to permit enhancement of the loadstar fee. 469 F. Supp. 2d at 917-918. It therefore is recommended that no multiplier be awarded.

### 4. Reduction of Requested Fees

**Counsels' Fees.** Defendant argues that if fees and expenses are to be awarded, these costs should be reduced since an agreement, if any, to pay fees upon the offer of judgment necessarily would be cut off as of July 19, 2007, the date of the offer of judgment. (Ct. Rec. 207 at 20; Ct. Rec. 208 at 2 and 3.) In addition, Defendant maintains Plaintiffs' request should be reduced substantially because the applicant has not exercised "billing judgment." (Ct. Rec. 207 at 21-24.)

As to the date of the offers of judgment, as set forth above, the original offers of judgment, July 19, 2007, were rejected and then extended as of October 15, 2007. Defendant's argument that fees must be cut off to mirror the offer of judgment date has not been directly addressed by Plaintiffs. Accordingly, it is concluded the fees that should be awarded to Plaintiffs and paid by Defendant stopped accruing after October 15, 2007.[2] Thus, the fees at issue

---

[2] Reasonable fee awards dictate "what the losing defendant must pay, not what the prevailing party must pay his lawyer." *Mendoza I*, quoting *Venegas v. Mitchell,* 495 U.S. 82, 90, 110 S. Ct. 1679

REPORT AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART
PLAINTIFFS' MOTION, AND TO AWARD PLAINTIFFS FEES OF $57,476.68
AND COSTS OF $3,793.31 FOR PHASE II - 11

are those accrued from November 14, 2006, (first award covered fees through November 13, 2006) through October 15, 2007, plus the $8,317.68 deducted from the first award (net $208,018.25), as this latter amount appeared to relate to the second group of Plaintiffs.

For Phase II, Plaintiffs maintain they are entitled to attorney fees of $161,503.36, plus costs of $11,496.57. (Ct. Rec. 205 at 4.) However, as stated above, the undersigned concludes only those fees from November 14, 2006, through October 15, 2007, should be awarded. Under the submitted Billing Worksheets, and without further adjustments, this fee amount is $48,159.00. With the $8,317.68 deducted from the first award, the sum is $56,476.68, without further adjustments.

Defendant argues that little substantive information was provided by Plaintiffs' responses to Defendant's interrogatories with each person answering with "identical boilerplate information." (Ct. Rec. 195 at 10.) In addition, Defendant maintains that significant attorney time was billed by Plaintiffs for a draft partial summary judgment motion that was not filed and was not relevant to settlement. (Ct. Rec. 195 at 10 and 11.) Defendant also takes issue with the amount of time billed for preparation for depositions that never were conducted. (Ct. Rec. 195 at 12.) Based upon review of the time sheets and declarations, the undersigned concludes that the time billed for work done through October 15, 2007, should be awarded. *See, also, Jankey, supra,* at 10432, discussing *Moreno v. City of Sacramento*, ____ F.3d ____, No. 06-15021, 2008 WL 2875300 at 4 (9th Cir. July 28, 2008).

---

(1990).

REPORT AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART
PLAINTIFFS' MOTION, AND TO AWARD PLAINTIFFS FEES OF $57,476.68
AND COSTS OF $3,793.31 FOR PHASE II - 12

**Paralegal Fees**. Paralegal Heather Spencer's fees have been identified with a billing rate of $130 an hour. Defendant objects both to Ms. Spencer's hourly rate and to the task billed at that rate. (Ct. Rec. 195 at 11 and 12 (8.5 hours for "Bate numbering and index Phase II discovery documents," 6.8 hours to "complete discovery binders index w/ bate identification numbering," and 5.5 hours to "start initial stages of pulling materials and exhibits for upcoming depositions.")) Defendant argues that the $45 per hour law clerks should have been assigned these tasks.

It appears from the declarations that Ms. Spencer has many years experience (*see*, *e.g.*, Ct. Rec. 203); however, under *Mendoza I*, paralegal time was billed at $95 an hour. Yet a review and calculation of the "recorded" billing entries, despite the hourly rate of $130, reflects recorded amounts that often tallied less than $95 an hour. Accordingly, the undersigned does not recommend disturbing Ms. Spencer's recorded fee rate or number of hours.

**Fees for Bringing Motion for Fees**. For a variety of reasons, including the fact one petition for fees in this action already had been vetted fully with the court, the presentation of the fees/expenses issues should have been a *pro forma* matter. It is recommended that no more than $1,000 be awarded for presentation of the fee application.

**5.    Expenses**

**Experts Dr. Yolanda Flores Niemann and Judith Billings**. The expense reports list payments to Dr. Nieman of $2,500, plus $40.61 (delivery services), and to Ms. Billings of $2,500, plus $105 (personal consultation), $1,542.92 (materials review), and $14.83

REPORT AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART
PLAINTIFFS' MOTION, AND TO AWARD PLAINTIFFS FEES OF $57,476.68
AND COSTS OF $3,793.31 FOR PHASE II - 13

and $15.56 (delivery services). (Ct. Rec. 187 at 32 and 33 (Ex. C at 5 and 6); *see* discussion in Ct. Rec. 195 at 4–6, 13. It appears the $2,500 payments to each expert were non-refundable retainers charged by the experts. Defendant represents Plaintiffs' expert disclosures as to their "opinions were very preliminary as of 9-27-07." (Ct. Rec. 195 at 13.) The undersigned is unable to find an itemization for these expenses in the record, except as discussed in Ct. Rec. 205 at 12-55 (Ex. B and C). Accordingly, **IT IS RECOMMENDED** that the $1,618.92 be awarded, but not the two $2,500 (totaling $5,000) non-refundable retainers for these expert expenses.

In so concluding, it is unnecessary to address Defendant's argument that the record does not reflect consent by the Plaintiff clients to the non-refundable retainers of $2,500 to Dr. Niemann and to Ms. Billings. *(See* Ct. Rec. 207 at 22.)

**Quad City Herald ($169) and El Mundo ($354).** **IT IS RECOMMENDED** these expenses not be awarded.

**Interest ($553.76).** **IT IS RECOMMENDED** that these expenses not be awarded.

**Lexis Legal Research ($1,416.50) and Accurint Legal Research ($210).** These expenses should be built into counsels' hourly rates and as part of the overhead. **IT IS RECOMMENDED** this $1,626.50 not be awarded.

**CONCLUSION**

**IT IS RECOMMENDED** Plaintiffs' Motion **(Ct. Rec. 175)** be **GRANTED in part and DENIED in part** as follows:

1.  Finding Plaintiffs' Motion is timely.
2.  Finding Plaintiffs are prevailing parties.

REPORT AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFFS' MOTION, AND TO AWARD PLAINTIFFS FEES OF $57,476.68 AND COSTS OF $3,793.31 FOR PHASE II - 14

**IT IS FURTHER RECOMMENDED:**

1. That Plaintiffs be awarded $57,476.68 in attorney fees for Phase II; and

2. That Plaintiffs be awarded $3,793.31 for expenses for Phase II.

## OBJECTIONS

Any party may object to a magistrate judge's proposed findings, recommendations or report within ten (10) days following service with a copy thereof. Such party shall file written objections with the Clerk of the Court and serve objections on all parties, specifically identifying the portions to which objection is being made, and the basis therefor. Any response to the objection shall be filed within ten (10) days after receipt of the objection. Attention is directed to FED. R. CIV. P. 6(d), which adds additional time after certain kinds of service.

A district judge will make a de novo determination of those portions to which objection is made and may accept, reject, or modify the magistrate judge's determination. The judge need not conduct a new hearing or hear arguments and may consider the magistrate judge's record and make an independent determination thereon. The judge may, but is not required to, accept or consider additional evidence, or may recommit the matter to the magistrate judge with instructions. *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000); 28 U.S.C. § 636(b)(1)(B) and (C), FED. R. CIV. P. 72; LMR 4, Local Rules for the Eastern District of Washington.

A magistrate judge's recommendation cannot be appealed to a court of appeals; only the district judge's order or judgment can be

1 appealed.

2     The District Court Executive is directed to file this Report and Recommendation and provide copies to counsel for the parties, to the GAL, and to the referring district judge.

5     DATED August 19, 2008.

                  S/ CYNTHIA IMBROGNO
              UNITED STATES MAGISTRATE JUDGE